UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

William Lee Grant II,          )
                               )
    Plaintiff,                 )
                               )
        v.                     )   Civ. Action No. 17-1434 (UNA)
                               )
United States Department of Justice, )
                               )
    Defendant.                 )
                               )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff initiated this action by filing his "Certification," which the court liberally construes to be his Complaint [Dkt. # 1]. The complaint begins with ten enumerated seemingly random statements about the sole defendant, U.S. Department of Justice ("DOJ"), as well as the United States Congress, the State of Illinois, former Vice President Dick Cheney, former Secretary of State Hillary Rodham Clinton, former Chicago Mayor Richard M. Daley, and others. Compl. at 1-2. Plaintiff then poses five questions

1

that no court can answer. *See id.* at 3. In the most lucid section of the 77-page complaint, captioned "Statement of the Issues," plaintiff alleges that "[s]ome Illinois Democrats and Federal Prosecutors . . . planted [him] in the State of Illinois . . . government to become an Informant for [DOJ]." Compl. at 7. Although plaintiff does not state when that occurred, he claims that he was an Illinois state employee from 2009 to 2014, when he was laid off. *Id.* Plaintiff alleges that he "was retaliated against for filing a Civil Rights Complaint and an Ethics Complaint in 2012 with the State of Illinois," that he "was wrongfully denied Federal unemployment benefits from the Illinois Department of Employment Security in 2015," and that he was "Blacklisted[.]" *Id.* When plaintiff was "unable to find employment anywhere in America, [he] had no option but to seek assistance from the DOJ." *Id.*

According to plaintiff, DOJ "created a program to investigate itself more than thirty years ago," which "is a violation of [plaintiff's] Constitutional Rights." *Id.* Plaintiff claims that both DOJ and the State of Illinois "have hindered [his] access to life, liberty, and the pursuit of happiness." *Id.* Plaintiff then proceeds to discuss his complaints filed in state and federal courts in Illinois, which he suggests DOJ failed to answer. *See id.* at 8. Plaintiff "seeks $30 Trillion in compensatory and punitive damages" because the State of Illinois and DOJ "Defaulted in this matter by failure to plead[.]" *Id.* Among the various attachments to the complaint is an order issued by the U.S. District Court for the Central District of Illinois dismissing plaintiff's federal civil rights complaint under § 1915(e)(2)(B), upon concluding that the complaint "is frivolous and fails to state a claim on which relief may be granted." Compl. App'x A at ECF p. 20. The instant complaint will suffer the same fate.

Complaints lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "In determining whether a particular .

2

. . complaint is frivolous . . . under Section 1915[e], the threshold issue for the trial court is an assessment of the substance of the claim presented, *i.e.*, is there a factual and legal basis . . . for the asserted wrong, however inartfully pleaded." *Crisafi v. Holland*, 655 F.2d 1305, 1307 (D.C. Cir. 1981) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

Plaintiff's claim premised on DOJ's alleged failure to respond to his complaint(s) filed in Illinois falls in the frivolous category. Otherwise, plaintiff has not alleged facts establishing that employees or officials of DOJ committed wrongful acts for which the United States may be held liable, and he has not identified a source of such liability. His conclusory assertions of constitutional violations simply fail to satisfy Rule 8's minimum pleading requirements. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' . . . [or] tenders 'naked assertion[s]' devoid of 'further factual enhancement' " does not "suffice.") (quoting *Twombly*, 550 U.S. at 555, 557; examining Fed. R. Civ. P. 8(a)). Apart from the pleading deficiency, the United States and its agencies are immune from suit for money damages based on constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ Tanya Chutkan
United States District Judge

DATE: July 28, 2017